In The United States District Court for The
Northern District Of Oklahoma

Timothy Shane Ellis,
Plaintiff,

-Vs.-

Steven Kunzweiler,
Tulsa County District Attorney,

Vic Regalado,
Tulsa County Sherrif,

Lt. Holloway,
Tulsa County Sherrif's Deputy,

David L. Moss Criminal Justice Center,

Et. al., and Others,
Defendants.

Case Number 19 CV 220 CVE - JFJ

FILED
APR 25 2019
Mark C. McCartt, Clerk
U.S. DISTRICT COURT

## Request For Emergency Injunction

Comes now the Plaintiff seeking relief from this Honorable Court due to actions by the Defendants that can and will cause him immediate and irreparable harm. For these reasons the Plaintiff now states:

(1) That on or about August, 2017 the Office of the Defendant Steven Kunzweiler, then Assistant Tulsa County District Attorney, filed a crimminal complaint against the Plaintiff Timothy Shane Ellis; note case number Tulsa County CF-2017-4964. Said case was later dismissed without prejudice due to lack of evidence, in Tulsa County District Court. Unbeknownst to the Plaintiff, said case CF-2017-4964 was refiled by the Tulsa County District Attorney's office just three days after the dismissal, however, a Bench Warrant was not issued for said

1 of 7

refiled case until November, 2018, some fourteen months after the refiling of the case. It is important to note that the Plaintiff Timothy Shane Ellis resided in Tulsa during this time up untill Febuary 25, 2019 and was never aware of the refiling of the case or the Bench Warrant issued for his arrest some fourteen months after the refiling of the case. No attempt was ever made to take the Plaintiff into custody.

(2) On Febuary 25, 2019 the Plaintiff and his Fiance "Virginia Helen Bragg" moved to Denver, Colorado to start a new life. They took with them all of their belongings to ihclude the Plaintiff's plumbing tools in the Plaintiff's Toyota 4Runner (Oklahoma liceanse plate CVE-437). They moved into the Niagra Motel, room 102, located at Niagra and Colfax Avenue in Denver, Colorado. The Plaintiff secured work at Labore Max Staffing in Aroura, Colorado working seventy two hours per week, all the while seeking permenant employment as a Commercial Plumber.

(3) On March 30, 2019 at 1400 hours the Plaintiff was taken into Custody by the Denver, Colorado Police Department and placed in the Denver County Jail, leaving his vehicle, clothing, tools, money and Ms. Bragg. The room 102 at the Niagra Motel was only payed up until April 1, 2019. It is important to note that Ms. Bragg (also the allged victim of case number CF-2017-4964) is infact a diagnosed bipolar alcoholic with acute liver disease. She has a tube surgicaly implanted to drain her liver of fluid inorder to save her life. Ms. Bragg also has a permenatly broken right arm and is unable to work or fend for herself and the Plaintiff is or was a care giver to Ms. Bragg.

On April 11, 2019, the Plaintiff was allowed to make a telephone call to the Denver, Colorado Police Department

While in Denver Jail and requested a Welfare check be conducted on Ms. Bragg along with his vehicle.

However, the Plaintiff was extradited and brought back to Tulsa on the very next day (April 12, 2019). To this day the Plaintiff does not know of the whereabouts of Ms. Bragg, his vehicle or their property. He can only hope and pray that Ms. Bragg is still alive and well and in possession of the property and his vehicle.

(5) While in custody at the David L. Moss Criminal Justice Center the Plaintiff has made numerous requests via the facility kiosk and through the Pod Officers to be allowed to call the Denver Police Department to include talking to one Tulsa County Sherriff's Deputy Lt. Holloway. Lt. Holloway informed the Plaintiff that no long distance call can be made from the David L. Moss Criminal Justice Center. When I asked to whom, or how I should file a Grievance concerning the matter, Lt. Holloway simply said that a long distance call can not be made from David L. Moss Criminal Justice Center."

## In Summary

Tulsa County District Court case number CF-2017-4964 was infact dismissed due to lack of evidence on September, 2017 because Ms. Virginia Helen Bragg was not in the state of Oklahoma at the time and did relay to the Tulsa County District Attorney's Office that she would not testify against Timothy Shane Ellis on said case. However, the Tulsa County District Attorney's Office went ahead and refiled the complaint even though it had no new evidence in support of it's

action, and even further waited some fourteen months to request that a Bench Warrant be issued. Even after said Bench Warrant was issued in November, 2018 no attempt was made to arrest the Plaintiff until he relocated to Denver Colorado and was arrested on March 30, 2019. New evidence to support the complaint of Case number CF-2017-4946 must be considered extreemly sketchy at best, if it even exists! Why would the District Attorney's Office wait so long (Fourteen months infact) before seeking a Bench Warrant, not to mention the alleged victim in said case was living with the Plaintiff and still infact is located in Denver, Colorado? The motivation of the District Attorney's office must be considered as nothing less than vengeful at best, or not thought out very clearly at the very worst!

    Now here is the Plaintiff in this action on the cuspe or verge of having case number CF-2017-4946 being dismissed for the second time, being released from custody in Tulsa, Oklahoma with nothing but the clothes on his back and a identification card with no vehicle, no monies, nowhere to live and some 800 miles from where he was living and no means, is infact horendous! Not to mention that he has no knowledge of the whereabouts and the welfare of his beloved Fiance!

    In support of this action the Plaintiff wishes to envoke the liberal construction of the filings of a Pro-se litigant. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935, F.2d 1106, 1110 (10th Cir. 1991).

Due to the Plaintiff being made destitute because of the Denver, Colorado arrest and subsequent extradition to Oklahoma on a criminal case that is highly likely to be dismissed a second time and leaving him in Tulsa with no way back to his property, job or his beloved Fiance Virginia Bragg. The plight of the Plaintiff surely meets the requirements set forth in Fed.R.Civ.P. 65(b)(1)(A). Furthermore the pleadings of the Plaintiff rises to the level set forth in Lundgrin V. Claytor, 619 F.2d 61, 63 (10th Cir. 1980) in that an injunction must show: (1) a substantial likelihood of prevailing on it's merits; (2) he will suffer irreparable damage unless the injunction issues; (3) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, would not be adverse to the public interests.

"To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." Heideman V. S Salt Lake City, 348 F.3d 1189 (10th Cir. 2003) Plaintiff "must establish both that harm will occur, and that, when it does, such harm will be irreparable." Vega V. Wiley, 259 F. App'x 104, 106 (10th Cir. 2007).

"[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." Devose V. Herrington, 42 F.3d 470, 471 (8th Cir. 1994).

For these reasons stated herein and to keep the Plaintiff from being made destitute by being thrown out on the streets of Tulsa, Oklahoma upon the inevitable dismissal of Tulsa County Case Number CF-2017-4964 the Plaintiff hereby

requests this Honorable Court to order these Defendants to provide the following:

(1) The Plaintiff herein be allowed to contact the Denver, Colorado Police Department for the purpose of learning the status and well being of his beloved Fience Virginia Bragg, the status and location of his vehicle and other personnal property that he was physicaly forced to abandon due to the felonious acts of the Defendants;

(2) That upon the inevitable second dismissal of Tulsa County Case Number CF-2017-4964 these Defendants provide to the Plaintiff transportation back to Denver, Colorado from which he was physicaly and forceably removed;

(3) Twohundred Dallors ($200 ⁰⁰) be given to the Plaintiff for each day of his confinement starting on March 30, 2019 to the date of his release;

(4) Tenthousand Dallors ($10,000 ⁰⁰) be given to the Plaintiff as retrabution for the felonious act by the Tulsa County District Attorney's Office for proceeding in Tulsa County Case Number CF-2017-4964 even though there is no new evidence or facts in support of said charges from the time of the first dismissal and for obtaining a Bench Warrant some fourteen months after the refiling said case. Perhaps said order

might cause the Office Of The Tulsa County District Attorney to actually review such cases and to rethink it's aggressive position before it attacks citizens and turns their lives into shambles! It is all too obvious that the Office Of The Tulsa County District Attorney under the leadership of Defendant Steven Kunzweiler feels that it can act with impunity in the destruction of the lives of others!

(5) Order these Defendants to stop infrenging upon the vested liberty interests of others and to stop these types of damages without just cause! It is so prayed!

## Declaration Under Penalty Of Perjury

I Timothy Shane Ellis under penalty of perjury do hereby state that information contained in this action entitled Request For Emergency Injunction are True and Correct to the best of my knowledge. See 28 U.S.C. §1746; 18 U.S.C. §1621.

Executed on this 19th day of April, 2019

*Timothy S. Ellis*
Timothy S. Ellis (Plaintiff, Pro-Se)

## CERTIFICATE OF MAILING

I, Timothy Shane Ellis, hereby certify that a true and correct copy, to which this is attached, was mailed on this 22, day of April, 20 19, and mailed to:

Steven Kunzweiler, Tulsa County District Attorney,
500 South Denver Ave. #900
Tulsa, Okla. 74103

Vic Regalado, Tulsa County Sherrif,
Tulsa County Sherrif's Office
303 W. 1st Street
Tulsa, Okla 74103

Lt. Holloway, Tulsa County Sherrif's Deputy,
David L. Moss Crimminal Justice Center
300 N. Denver Ave.
74103

Request For Emergency Injunction

By, Timothy Shane Ellis, list of citations as follows:

Federal Rules of Civil Procedure 65(b)(1)(A);

Haines V. Kerner, 404 U.S. 519, 520-21 (1972);

Hall v. Bellmon, 935, F.2d 1106, 1110 (10th Cir. 1991);

Lundgrin V. Claytor, 619 F.2d 61, 63 (10th Cir 1980);

Vega V. Wiley, 259 F. App'x 104, 106 (10th Cir 2007);

Devose V. Herrington, 42 F.3d 470, 471 (8th Cir 1994);

Heideman V. Salt Lake City, 348 F.3d 1189 (10th Cir. 2023)

April 21, 2019

To: The Office of the Clerk,
    United States District Court

From: Timothy Shane Ellis,
    D.L.M. #0931647
    300 N. Denver Ave
    Tulsa, Okla. 74103

Re: Request for Emergency Injunction

Sub: Stamp filed copies.

Dear Court Clerk:

I have enclosed one original; one copy for this Honorable Court and respectfully request that another copy (enclosed) please be stamp filed and returned to me. I am indigent at this time and am unable to provide postage due to my incarceration at the David L. Moss Criminal Justice Center. Your indulgence in this matter would be greatly appreciated.

Thank you for your time and Consideration!

Sincerely,
Timothy S. Ellis



Timothy Ellis
D.L.M. #0931647
300 N. Denver Ave.
Tulsa, Okla. 74103

Legal Mail

RECEIVED
APR 2 5 2019
Mark C. McCartt, Clerk
U.S. DISTRICT COURT

United States District Court Clerk
333 West 4th Street #411
Tulsa, Okla. 74103

19 CV 220 CVE - JFJ

Legal Mail

neopost
04/24/2019
US POSTAGE $004.39⁰
ZIP 74127
041M1225109