# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIMOTHY SHANE ELLIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-CV-0220-CVE-JFJ |
| | ) |
| TIM HARRIS, former Tulsa County | ) |
| District Attorney; | ) |
| STEVEN KUNZWEILER, | ) |
| Tulsa County District Attorney; | ) |
| JANE and JOHN DOE prosecutors, | ) |
| Tulsa County District Attorney's Office, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff Timothy Shane Ellis, a pretrial detainee incarcerated at the David L. Moss Criminal Justice Center, located in Tulsa, Oklahoma, commenced this action on April 25, 2019, by filing two pro se pleadings: a "request for emergency injunction" (Dkt. # 1) and a "motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915" (Dkt. # 2). By order filed May 1, 2019 (Dkt. # 3), the Court denied both motions and directed plaintiff to file amended pleadings. Before the Court are plaintiff's amended motion to proceed in forma pauperis (Dkt. # 9), filed May 20, 2019, and plaintiff's 42 U.S.C. § 1983 civil rights complaint (Dkt. # 13), filed May 23, 2019. For the reasons discussed below, the Court grants plaintiff's motion to proceed in forma pauperis and dismisses the complaint, under 28 U.S.C. §§ 1915(e)(2)(B), for failure to state a claim upon which relief may be granted. Because the Court finds any further attempts to amend would be futile, the dismissal shall be with prejudice.

**A.   Plaintiff shall be authorized to proceed in forma pauperis.**

After reviewing plaintiff's amended motion to proceed in forma pauperis (Dkt. # 9), the Court finds that plaintiff is without funds sufficient to prepay the $350 filing fee required to commence this action. Accordingly, the Court finds plaintiff is entitled to proceed without prepayment of the filing fee, and his motion to proceed in forma pauperis shall be granted. Because plaintiff's amended motion and supporting documents indicate he also lacks sufficient funds to make an initial partial payment, the Court waives the initial partial filing fee. See 28 U.S.C. § 1915(b)(4).[1] However, plaintiff remains obligated to pay the full $350 filing fee when he is able to do so.

**B.   The complaint shall be dismissed under 28 U.S.C. § 1915(e)(2)(B).**

When, as here, a plaintiff is permitted to proceed in forma pauperis, the Court shall dismiss "at any time" all or any part of the complaint if the Court determines plaintiff's action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B);

---

[1]   Under the Prison Litigation Reform Act (PLRA), a prisoner who is authorized to proceed in forma pauperis ordinarily must pay the full amount of the filing fee by submitting an initial partial payment and making monthly payments from his or her institutional account until the filing fee is paid in full. See 28 U.S.C. § 1915(b). Section 1915(b)(4) provides that "[i]n no event, shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." The PLRA applies here because plaintiff was incarcerated as a pretrial detainee when he filed his complaint on May 23, 2019. See 28 U.S.C. § 1915(h) (defining "prisoner" for purposes of in forma pauperis proceedings); Brown v. Eppler, 725 F.3d 1221, 1228-31 & n.7 (10th Cir. 2013) (concluding plaintiff's status at time complaint or notice of appeal is filed determines whether PLRA provisions apply). On May 29, 2019, plaintiff provided a notice of change of address (Dkt. # 14) indicating that he has been released from the David L. Moss Criminal Justice Center. Now that he has been released, he is no longer obligated, under § 1915(b)(2) to make monthly payments from his inmate accounts. Brown, 725 F.3d at 1231. However, like all litigants who are authorized to proceed without prepayment, he remains obligated to pay the full filing fee when he is able to do so. Id.

see also id. § 1915A(b)(1) (providing same grounds for dismissal on preliminary screening of prisoner complaints). In assessing whether a complaint should be dismissed for failure to state a claim, the court must accept all the well-pleaded factual allegations of the complaint as true, even if doubtful in fact, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). Additionally, in assessing the sufficiency of a complaint filed by a pro se plaintiff, the court must liberally construe the complaint without acting as the plaintiff's advocate. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Thus, a pro se plaintiff bears "the burden of alleging sufficient facts on which a recognized legal claim could be based." Id. Dismissal is appropriate "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief." Twombly, 550 U.S. at 558; see also Hall, 935 F.2d at 1110 (noting that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based").

    1.    **Plaintiff's allegations and claims**

Plaintiff purports to sue (1) former Tulsa County District Attorney Tim Harris, (2) Tulsa County District Attorney Steven Kunzweiler, and (3) Jane and/or John Doe prosecutors from the Tulsa County District Attorney's Office. Dkt. # 13, at 1-2, 8-9. Plaintiff describes the nature of his case arising from "[t]he illegal refiling of Tulsa County District Court Case No. CF-2017-4964 and the subsequent bench warrant and illegal extradition." Id. at 3.

Plaintiff identifies four claims. He claims that Harris, Kunzweiler and Jane or John Doe prosecutors violated his constitutional rights to due process (count I) and equal protection of the law (count II) through the "refiling of charges without new evidence or just cause to justify prosecution." Dkt. # 13, at 3-4, 13-14. He further claims that Harris, Kunzweiler and Jane or John Doe prosecutors

3

caused his "false/unconstitutional arrest" (count III) and "illegal/unconstitutional confinement" (count IV) through the "refiling of charges without new evidence or just cause to support prosecution." Id. at 4-5, 14-15.

In support of these claims, plaintiff alleges that he "was arrested on a criminal complaint in Tulsa County, Case No. CF-2017-4964" in August 2017 and the "case was dismissed at preliminary hearing for insufficient evidence to support probable cause." Dkt. # 13, at 10. According to plaintiff, the case was "refiled" three days later "without any new evidence or other good cause to justify a subsequent prosecution." Id. In November 2018, "the Tulsa County District Attorney's Office requested that a bench warrant be issued for the plaintiff in this action for his arrest" and the "bench warrant was in fact issued." Id. Unaware of the warrant, plaintiff and his fiancee (the alleged victim in Case No. CF-2017-4964) moved to Denver, Colorado in February 2019. Id. at 10-11. Denver police officers arrested plaintiff on March 30, 2019, pursuant to the Tulsa County bench warrant. Id. at 11. He was then extradited to Tulsa, Oklahoma on April 12, 2019. Id. According to plaintiff, Case No. CF-2017-4964 was dismissed on May 10, 2019. Id. at 12.

As relief for the alleged violations of his constitutional rights, plaintiff seeks the following injunctive relief: (1) "court costs and filing fees," (2) an order requiring defendants "to have him safely transported back to Denver, Colorado," and (3) an order directing defendants to "find[] and secur[e]" his vehicle, tools and personal property that he was forced to abandon upon his "illegal" arrest. Dkt. # 13, at 21. In addition, plaintiff seeks $44,000 in compensatory damages ($1,100 for each of the 40 days he was confined), and $500,000 in punitive damages. Id. at 22. Plaintiff also requests a federal investigation of the Tulsa County District Attorney's Office, "for the purpose of

4

bringing forth criminal charges upon the defendants" and/or seeking "disbarment proceedings" against them. Id. at 23.[2]

   2.   **Plaintiff fails to state any claims upon which relief may be granted.**

A plaintiff seeking relief under § 1983 must show that a person acting under color of state law deprived the plaintiff of a federally protected right. Schaffer v. Salt Lake City, Corp., 814 F.3d 1151, 1155 (10th Cir. 2016). Here, Plaintiff seeks to impose "personal liability" against all defendants and "supervisory liability" against Harris and Kunzweiler, and seeks monetary damages as compensation for, the alleged constitutional violations arising from decisions made by Harris, Kunzweiler or other prosecutors to refile criminal charges against him and request a bench warrant for his arrest based on those charges. Dkt. # 13, at 3-5, 8-9. For two reasons, plaintiff's claims shall be dismissed.

First, he seeks monetary damages from defendants who are absolutely immune. See Imbler v. Pachtman, 424 U.S. 409, 431 (1976) (holding that "in initiating a prosecution . . . the prosecutor is immune from a civil suit for damages under § 1983"); Warnick v. Cooley, 895 F.3d 746, 751 (10th Cir. 2018) ("[P]rosecutors are entitled to absolute immunity from liability for their decision to file charges."); Snell v. Tunnell, 920 F.2d 673, 693 (10th Cir. 1990) (noting that prosecutors enjoy

---

[2] In a letter attached to his complaint, plaintiff also seeks an investigation of why he did not receive, or did not timely receive, certain forms that this Court directed be mailed to him to assist him in filing his complaint. Dkt. # 13, at 25-26. He asserts the mailing issues regarding the forms violated his constitutional right of access to the courts. Id. at 26. To the extent plaintiff intends to assert a separate, right-of-access claim, he fails to identify any defendants in the complaint who participated in the alleged violation. In any event, the record reflects that plaintiff's mail was returned to the Clerk of Court on June 10, 2019, and remailed, the same day, to the address plaintiff provided to the Clerk of Court on May 29, 2019. See Dkt. ## 14, 15. Moreover, the record demonstrates that plaintiff has been able to file legal pleadings in, and thus has not been denied access to, this Court.

absolute immunity from liability for "functions within the continuum of initiating and presenting a criminal case, such as filing charges [and] seeking an arrest warrant"). This immunity extends to any actions Harris and Kunzweiler may have taken in their supervisory roles regarding the decisions to refile charges and request a bench warrant. See Van de Kamp v. Goldstein, 555 U.S. 335, 345-46 (2009) (stating that "[d]ecisions about indictment or trial prosecution will often involve more than one prosecutor within an office" and concluding "that supervisory prosecutors are immune in a suit directly attacking their actions related to an individual trial").

Second, to the extent plaintiff purports to seek "injunctive relief" from Harris, Kunzweiler or other prosecutors, he fails to state any claims upon which relief may be granted. Prosecutors do not have absolute immunity from suits for injunctive relief. Samuels v. McDonald, 723 F. App'x 621, 623 n.4 (10th Cir. 2018) (unpublished)[3] (citing Supreme Court of Virginia v. Consumers Union of U.S., Inc., 446 U.S. 719, 736-37 (1980)). However, even a plaintiff who seeks injunctive relief under § 1983 must first establish that the defendant violated the plaintiff's federally-protected rights. Here, in each count of his complaint, plaintiff alleges that Harris, Kunzweiler and other prosecutors violated his rights to due process, equal protection of the law, to be free from false arrest, and to be free from illegal confinement by refiling charges against him "without new evidence or just cause to justify prosecution." Dkt. # 13, at 3-5, 13-15; see also id. at 16-17 (stating "this action only centers around the violation of Oklahoma statutorial and federal law" establishing that "if a charge is dismissed at preliminary hearing for insufficient evidence to support probable cause, it may be refiled and the defendant held to answer at a second preliminary hearing if the state produces

---

[3] The Court cites this decision, and other unpublished decisions herein, as persuasive authority. See FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

6

additional evidence or other good cause justifying a subsequent prosecution"). Even liberally construing plaintiff's complaint, the Court finds plaintiff's factual allegations that the defendants refiled charges without "good cause" or "additional evidence" fail to state a cognizable federal claim. See Henderson v. Jones, 214 F. App'x 795, 796-97 (10th Cir. 2007) (unpublished) (noting district court correctly identified habeas petitioner's "due process" and "equal protection" claims arising from state prosecutor's alleged refiling of state charges without "sufficient new evidence" as claims implicating "an issue of state law" rather than one involving "constitutional violations").[4] Thus, to the extent he seeks injunctive relief, he fails to state any plausible claims upon which such relief may be granted.

### 3. The complaint shall be dismissed with prejudice.

For the reasons just discussed, the Court finds that the complaint, even liberally construed, fails to state any plausible claims for relief. And because the Court finds it would be futile to permit

---

[4] Plaintiff's allegations that he was falsely arrested and illegally confined could implicate the Fourth Amendment. See Manuel v. City of Joliet, 137 S. Ct. 911, 920 (2017) (holding "that the Fourth Amendment governs a claim for unlawful pretrial detention even beyond the start of legal process"). But those claims too rest on the defendants' alleged actions of refiling charges and seeking a bench warrant. Dkt. # 13, at 4-5, 14-15. Thus, to the extent plaintiff alleges the defendants caused his "illegal" arrest and detention based on their prosecutorial decisions, the defendants would still enjoy absolute immunity against a suit for monetary damages. Moreover, plaintiff's allegations could be construed as alleging a malicious prosecution claim. See Montoya v. Vigil, 898 F.3d 1056, 1066 (10th Cir. 2018) (stating elements of § 1983 malicious prosecution claim). But plaintiff expressly disavows that he is raising "any allegation of malicious prosecution or any type of defamation claim by prosecutors." Dkt. # 13, at 17. As plaintiff acknowledges in his complaint, those claims also would be barred by prosecutorial immunity—even assuming the absence of probable cause to support the prosecutors' decisions. Warnick, 895 F.3d at 752.

plaintiff any further opportunity to amend his complaint,[5] the Court finds the complaint shall be dismissed with prejudice. See Brereton v. Bountiful City Corp., 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim . . . and granting leave to amend would be futile.").

C.  **First "prior occasion" under 28 U.S.C. § 1915(g)**

The Court granted plaintiff leave to proceed in forma pauperis. In addition, the Court concluded that plaintiff's complaint, which he filed while he was detained on pending state charges, fails to state a claim upon which relief may be granted and should therefore be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B). This dismissal shall count as plaintiff's first "prior occasion" under § 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Plaintiff's amended motion to proceed in forma pauperis (Dkt. # 9) is **granted**.

2. Plaintiff remains obligated to pay the full filing fee of $350 when he is able to do so.

3. The complaint (Dkt. # 13) is **dismissed with prejudice** for failure to state a claim upon which relief may be granted.

---

[5]  The Court provided plaintiff a prior opportunity to amend his claims when it denied his "request for emergency injunction," which alleged, in part, that Kunzweiler violated his constitutional rights by refiling criminal charges against him. See Dkt. # 3, at 3-9.

4. The Clerk of Court is directed to flag this dismissal as plaintiff's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).

5. A separate judgment shall be entered in this matter.

**DATED** this 17th day of June, 2019.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE